IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PORSHA L. WHITFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-098 |
| | ) | |
| BO LEWIS and FLUOR ENTERPRISES, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

**I.    SCREENING OF THE COMPLAINT**

    **A.    BACKGROUND**

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Plaintiff was employed by Fluor Enterprises. (Doc. no. 4, p. 8.) Plaintiff attended an employee meeting on April 5, 2016, wherein Defendant Bo Lewis, her foreman, said to another employee he would let Plaintiff give him

"mouth to mouth." (Id. at 5, 9, 11.) Plaintiff did not respond. (Id. at 9.) Plaintiff alleges generally this was not the first time Mr. Lewis made sexual comments toward Plaintiff, but she does not describe any other incidents. (Id. at 5.) The next day, April 6, 2016, Mr. Lewis "wrote up" Plaintiff for being insubordinate by wearing eyeliner. (Id. at 5, 9.) Another employee wore eyeliner but was not written up. (Id.) Plaintiff had not been written up before. (Id. at 9.)

Because of Mr. Lewis' formal complaint, Plaintiff was placed on suspension on April 7, 2016. (Id. at 9.) Plaintiff informed human resources about Mr. Lewis' "mouth to mouth" statement and alleged she was written up because she did not respond to the statement. (Id. at 5.) Human resources told Plaintiff there were no witnesses to the exchange, but Plaintiff indicated there were. (Id.) Plaintiff said "'you dig on (sic) ditch you dig two,'" which is a "biblical term." (Id.) Human resources interpreted this as a threat and fired Plaintiff on April 24, 2016. (Id.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue notice on May 18, 2017, and Plaintiff timely filed this suit on September 16, 2017. (Id. at 7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S.

319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction

3

does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendant Lewis Should Be Dismissed.

Plaintiff has brought her Title VII claims against Mr. Lewis in addition to Fluor Enterprises, her past employer. However, the relief granted under Title VII is against the employer, not individual employees who violated the Act. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Thus, individual capacity suits under Title VII are inappropriate, and the only proper defendant in a Title VII suit is the employer or supervisory employees in their official capacities as agents of the employer. Id. To the extent Plaintiff names Mr. Lewis in his official capacity as a supervisory employee, her claims are redundant because she has already named Fluor Enterprises. Busby, 931 F.2d at 776; Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action."). Thus, Plaintiff's Title VII claims against Mr. Lewis, in either capacity, are inappropriate or redundant and Mr. Lewis should be dismissed.

### 3. Plaintiff Fails to State a Claim Based on Religious Discrimination.

Plaintiff alleges she was terminated because of her religious beliefs. (Doc. no. 4, pp. 5, 9.) Title VII prohibits employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Because Plaintiff has not presented any direct evidence of discrimination, the Court must analyze her disparate treatment claim under Title VII using the framework outlined by

4

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Wright v. Southland Corp., 187 F.3d 1287, 1293 (11th Cir. 1999)**.**

Under the McDonnell Douglas framework, the plaintiff must first come forward with a prima facie case of employment discrimination. If the plaintiff establishes a prima facie case, she raises the inference that discriminatory intent motivated the challenged action. The burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the action in question. Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997). If the defendant carries its burden, the plaintiff retains the burden of persuasion to show that the employer's proffered explanation was not the real reason for the employment change, but was instead a pretext for discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1980).

To establish a prima facie case of disparate treatment, a plaintiff must show: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees who were not of the same protected class more favorably; and (4) she was qualified to do the job. Maynard v. Board of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003); Holifield, 115 F.3d at 1562. Furthermore, in the context of alleged religious discrimination, the plaintiff must "demonstrate[] the challenged employment decision was made by someone who was aware of the plaintiff's religion." Lubetsky v. Applied Card Sys., Inc., 296 F.3d 1301, 1305 (11th Cir. 2002).

Here, there is no allegation Mr. Lewis and Flour Enterprises were aware of Plaintiff's religious affiliation. Although Plaintiff states she used a phrase from the Bible—"you dig on[e] ditch you dig two"—in response to Defendants' actions, use of this statement alone is

insufficient to put Defendants on notice of Plaintiff's religion. Indeed, Plaintiff alleges Defendants perceived her comment as a threat, not a religious statement. Thus, because Plaintiff does not allege any facts to show Defendants were aware of or motivated by her religious beliefs, she fails to state a prima facie case of religious discrimination. Lubetsky, 296 F.3d at 1305.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Lewis be **DISMISSED** from this case and Plaintiff's religious discrimination claim be **DISMISSED** for failure to state a claim. In a companion Order, the Court has allowed Plaintiff's Title VII claim for gender discrimination and sexual harassment against Fluor Enterprises to proceed.

SO REPORTED AND RECOMMENDED this 13th day of November, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA