IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PORSHA L. WHITFIELD, | * | |
| Plaintiff, | * | |
| v. | * | CV 117-098 |
| FLUOR ENTERPRISES, INC., | * | |
| Defendant. | * | |

**O R D E R**

Pending before the Court is Plaintiff's motion for reconsideration. (Doc. 25.) In her motion, Plaintiff asks the Court to reconsider its Order dismissing her claim of religious discrimination against Defendant, her former employer. For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I. BACKGROUND**

Plaintiff, proceeding pro se, filed this employment discrimination action alleging she was subjected to sexual harassment and terminated based on religious discrimination. (Am. Compl., Doc. 4, at 5.) She contends that Defendant's decision to terminate her employment was motivated by remarks she made during a meeting with Defendant's Human Resources Department regarding a disciplinary action taken against Plaintiff by her supervisor. (Id.) Plaintiff said, "you dig on[e] ditch you dig two," which is

a "biblical term." (Id.) Defendant perceived this statement as a threat and terminated Plaintiff shortly thereafter. (Id.)

Simultaneous with filing her complaint, Plaintiff moved to proceed in forma pauperis, and her amended complaint was screened by the United States Magistrate Judge. See 28 U.S.C. § 1915(e)(2)(B). On November 13, 2017, the Magistrate Judge entered a Report and Recommendation ("R&R") that Plaintiff's claim for religious discrimination be dismissed for failure to state a claim.[1] (R&R, Doc. 6, at 4-6.) The Magistrate Judge found Plaintiff failed to allege any facts to show Defendant was aware of or motivated by her religious beliefs. (Id. at 6.) In fact, Plaintiff specifically alleged that Defendant perceived the comment as a threat, not a religious statement. (Id.)

The R&R was served on Plaintiff and indicated she had until November 30, 2017, to file objections. (Order of Nov. 13, 2017, Doc. 7.) Plaintiff did not file any objections. Accordingly, on December 5, 2017, the Court entered an Order adopting the R&R and dismissing Plaintiff's religious discrimination claim. (Doc. 9.) On May 18, 2018, more than five months later, Plaintiff filed the instant motion asking the Court to reconsider its decision to dismiss her claim.

---

[1] The Magistrate Judge also recommended dismissal of Defendant Bo Lewis, Plaintiff's supervisor, because individual capacity suits are not cognizable under Title VII. (R&R, at 4.) Plaintiff does not challenge that decision in her motion for reconsideration.

2

## II. LEGAL STANDARD

Plaintiff has not indicated which Federal Rule of Civil Procedure she relies on to assert her motion for reconsideration. A motion for reconsideration can be made pursuant to Rule 59 or Rule 60, Shaarbay v. State of Florida, 269 F. App'x 866, 867 (11th Cir. 2008), and, therefore, the Court must determine the Rule under which Plaintiff's motion is properly considered. See, e.g., Brown v. Spells, 2011 WL 4543905 (M.D. Ga. Sept. 30, 2011) (resolving whether a motion for reconsideration should be decided under Rule 59(e) or Rule 60(b)). When a motion for reconsideration of a judgment is filed within the twenty-eight-day time period set forth in Rule 59(b), the motion should be considered a motion to amend or alter a judgment pursuant to Rule 59(e), not Rule 60. See Mahone v. Ray, 326 F.3d 1176, 1178 n. 1 (11th Cir. 2003). Because Plaintiff filed her motion more than twenty-eight days after the Court issued its Adoption Order, Plaintiff's motion will be treated as a motion for relief from judgment pursuant to Rule 60.

Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) if the judgment is void; or, (5) if the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief

under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). When a party bases its motion to reconsider on previously unsubmitted evidence, "the court should not grant the motion absent a showing that the evidence was not available during the pendency of the case." M.G. v. St. Lucie Cnty. Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014) (internal quotations and alterations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's one-page pro se motion, she argues that there is additional evidence that was not considered when her religious discrimination claim was dismissed. Specifically, Plaintiff contends that Defendant was aware of her religion and that her comment was a biblical reference because Defendant required her to write a statement explaining what the comment meant. This evidence, however, was available to Plaintiff when she filed her complaint. Further, she sets forth no reason why these facts could not have been included in her complaint or raised in an objection to the R&R. Therefore, Plaintiff has failed to demonstrate the existence of "newly discovered evidence" warranting the Court's reconsideration. See St. Lucie Cnty. Sch. Bd., 741 F.3d at 1262; Mays v. U.S. Postal Serv., 122 F.3d 43, 46

4

(11th Cir. 1997) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

Moreover, not only did Plaintiff not file an objection to the Magistrate Judge's R&R, she waited over five months to file this motion. Although some lack of diligence may be excusable considering Plaintiff is proceeding pro se, the failure to object to the R&R and the lengthy delay in filing this motion does not justify granting the "extraordinary remedy" of reconsideration. See Griffin, 722 F.2d at 680.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has not demonstrated sufficient grounds for relief from judgment under Rule 60(b). Accordingly, Plaintiff's motion for reconsideration (doc. 25) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of October, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA